UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN CAMPBELL,
for herself and class members,

        Plaintiff,

v.

BERNDT & ASSOCIATES, P.C.,
KAROL A. BERNDT, ROBERT E.
ZIELINSKI and LVNV FUNDING LLC,

        Defendants.
_____/

## CLASS ACTION COMPLAINT

### I.    Introduction

1.    Plaintiff brings this class action against the defendant debt collectors, seeking damages and equitable relief, to redress Defendants' systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*.

2.    Defendants have filed thousands of post-judgment requests for writs of garnishment in Michigan courts in connection with efforts to collect debts from consumers. Michigan law states: "If the garnishee is not indebted to the defendant, does not hold any property subject to garnishment, and is not the defendant's employer, the plaintiff is not entitled to recover the costs of that garnishment." MCR 3.101(R). Despite this prohibition, Defendants routinely have rolled the costs of *unsuccessful* garnishments into the balance owed in requests for

writs of garnishment, misrepresented the amounts owed by consumers, collected amounts not owed by consumers, and violated the FDCPA and Michigan law.

## II.     Jurisdiction

3.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction regarding Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because Defendants transact business here, the pertinent events took place here, and Plaintiff resides here.

## III.    Parties

4.      Plaintiff Kathryn Campbell is a natural person residing in Kent County, Michigan. Ms. Campbell is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. Campbell is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

5.      Defendant Berndt & Associates, P.C. ("Berndt") is a Michigan professional corporation, doing business at 30500 Van Dyke Avenue, Suite 702, Warren, Michigan 48093. The registered agent for Berndt is Karol A. Berndt, 30500 Van Dyke Avenue, Suite 702, Warren, Michigan 48093.  Berndt is a law firm whose primary business is debt collection.  Berndt uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  Berndt regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Berndt is a "debt collector" as the term is defined and/or used in the FDCPA.  Berndt is a "regulated person" as the term is defined and/or used in the MCPA.

6.      Defendant Karol E. Berndt is a natural person, residing in Michigan.  Ms. Berndt

is an employee of defendant Berndt & Associates, P.C. Ms. Berndt is licensed to practice law in Michigan. Ms. Berndt uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Ms. Berndt regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Berndt is a "debt collector" as the term is defined and used in the FDCPA. Ms. Berndt is a "regulated person" as the term is defined and used in the MCPA.

7. Ms. Berndt helped create, approved, and ratified the practices of Berndt that are described below in this complaint.

8. During all times pertinent hereto, Ms. Berndt directly and indirectly participated in efforts to collect alleged debts from Ms. Campbell and others as stated below in this complaint.

9. Defendant Robert E. Zielinski is a natural person, residing in Michigan. Ms. Berndt is an employee of defendant Berndt & Associates, P.C. Mr. Zielinski is licensed to practice law in Michigan. Mr. Zielinski uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Zielinski regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Zielinski is a "debt collector" as the term is defined and used in the FDCPA. Mr. Zielinski is a "regulated person" as the term is defined and used in the MCPA.

10. Mr. Zielinski helped create, approved, and ratified the practices of Berndt that are described below in this complaint.

11. During all times pertinent hereto, Mr. Zielinski directly and indirectly participated in efforts to collect alleged debts from Ms. Campbell and others as stated below in this

complaint.

12. A shareholder, owner, officer, member, manager, employee or agent of a corporate debt collector can be held liable for violating the FDCPA, without piercing the corporate veil, by being directly involved in the day-to-day operation of the company, including the training and managing of employees, reviewing or supervising the review of accounts, materially participating in the activities of the company, supervising collection activities, overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like, for the reason that each such individual is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). *See Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 435-438 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions, LLC,* 847 F.Supp.2d 994, 1004-06 (W.D.Mich. 2012).

13. Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company. The registered agent for LVNV is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. LVNV is engaged in the business of purchasing and collecting defaulted and charged off consumer debts. LVNV uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. LVNV is a "debt collector" as the term is defined and used in the FDCPA. LVNV is a "regulated person" as the term is defined and used in the MCPA.

14. During all times pertinent hereto, LVNV directly and indirectly participated in

efforts to collect alleged debts from Ms. Campbell and others as stated below in this complaint.

15. An entity that itself meets the definition of "debt collector" under the FDCPA is liable for the unlawful debt collection activities carried out on its behalf by another debt collector. Vicarious liability may attach to the client in the context of an attorney-client relationship where both the attorney and its client are "debt collectors," even if the unlawful acts are committed solely by the attorney. *See, e.g., Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103 (6th Cir. 1996). LVNV, as a debt collector, is vicariously liable for the violations of the FDCPA and Michigan law committed on its behalf by Berndt, Ms. Berndt and Mr. Zielinski, also debt collectors.

**IV. Facts**

16. Plaintiff Kathryn Campbell had an account with GE Money Bank ("GEMB") which she used to purchase goods and/or services on credit for personal, family and household purposes. The resulting obligation of Ms. Campbell to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

17. Ms. Campbell's GEMB account went into default. GEMB charged off and sold the account.

18. An entity named Arrow Financial Services LLC ("Arrow") purchased Ms. Campbell's GEMB account.

19. Arrow placed Ms. Campbell's account with defendant Berndt & Associates, P.C. for collection.

20. On or about January 19, 2011, Berndt, Ms. Berndt and Mr. Zielinski filed a debt collection lawsuit on behalf of Arrow and against Ms. Campbell in the 61st District Court for the

State of Michigan, Case No. 2011-GC-0367.

21.     On or about February 28, 2011, a default judgment was entered in the state court lawsuit on behalf of Arrow and against Ms. Campbell in the amount of amount of $4,543.24.

22.     On or about September 13, 2011, Berndt, Ms. Berndt and Mr. Zielinski on behalf of Arrow filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

> 1. On February 28, 2011, the plaintiff received judgment against the defendant for: $4,543.24.
> 2. The total amount of judgment interest accrued to date is: $280.81.
>    The total amount of postjudgment costs accrued to date is: $.00.
>    The total amount of postjudgment payments and credits made to date is: $.00.
>    The amount of the unsatisfied judgment now due (including interest and costs) is: $4,824.05.

A copy of the Request and Writ for Garnishment is attached hereto as Exhibit A.

23.     On or about September 23, 2011, Arrow sold Ms. Campbell's account and related state court judgment to defendant LVNV Funding LLC.

24.     On October 15, 2011, the state court clerk issued the Writ for Garnishment (Exhibit A).

25.     Berndt, Ms. Berndt and Mr. Zielinski caused the Request and Writ for Garnishment (Exhibit A) to be served on the Michigan Department of Treasury and Ms. Campbell.

26.     On or about April 18, 2012, the Michigan Department of Treasury made a Garnishment Disclosure in response to Exhibit A, stating that the Department of Treasury would pay $316.00 to Berndt, Ms. Berndt and/or Mr. Zielinski within 28 days from the date of the disclosure. A copy of the Garnishment Disclosure is attached hereto as Exhibit B.

27. In or about September of 2012, Berndt, Ms. Berndt, Mr. Zielinski and LVNV filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

1. On February 28, 2011, the plaintiff received judgment against the defendant for: $4,543.24.
2. The total amount of judgment interest accrued to date is: $839.04.
   The total amount of postjudgment costs accrued to date is: $21.00.
   The total amount of postjudgment payments and credits made to date is: $316.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is: $5,087.28.

On September 29, 2012, the state court clerk issued the Writ for Garnishment. A copy of the Request and Writ for Garnishment is attached hereto as Exhibit C.

28. Berndt, Ms. Berndt, Mr. Zielinski and LVNV caused the Request and Writ for Garnishment (Exhibit C) to be served on the Michigan Department of Treasury and Ms. Campbell.

29. Neither Berndt, Ms. Berndt, Mr. Zielinski nor LVNV received any payment in connection with the Request and Writ for Garnishment (Exhibit C).

30. In or about September of 2013, Berndt, Ms. Berndt, Mr. Zielinski and LVNV filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

1. On February 28, 2011, the plaintiff received judgment against the defendant for: $4,543.24.
2. The total amount of judgment interest accrued to date is: $1,420.06.
   The total amount of postjudgment costs accrued to date is: $42.00.
   The total amount of postjudgment payments made and credits to date is: $316.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is: $5,689.30.

On October 26, 2013, the state court clerk issued the Writ for Garnishment. A copy of the Request and Writ for Garnishment is attached hereto as Exhibit D.

31. Berndt, Ms. Berndt, Mr. Zielinski and LVNV caused the Request and Writ for Garnishment (Exhibit D) to be served on the Michigan Department of Treasury and Ms. Campbell.

32. Neither Berndt, Ms. Berndt, Mr. Zielinski nor LVNV received any payment in connection with the Request and Writ for Garnishment (Exhibit D).

33. Garnishment after judgment is governed by MCR 3.101, which states in pertinent part:

> **(R) Costs and Fees.**
>
> (1) Costs and fees are as provided by law or these rules.
>
> (2) If the garnishee is not indebted to the defendant, does not hold any property subject to garnishment, and is not the defendant's employer, <u>the plaintiff is not entitled to recover the costs of that garnishment</u>.

MCR 3.101(R) (underlining supplied).

34. Berndt, Ms. Berndt, Mr. Zielinski, in the Request and Writ for Garnishment attached hereto as Exhibit D, added the costs of an unsuccessful (or not yet successful) writ for garnishment to the judgment balance allegedly owed by Ms. Campbell.

35. Berndt, Ms. Berndt, Mr. Zielinski, in the Request and Writ for Garnishment attached hereto as Exhibit D, wrongfully added the costs of an unsuccessful (or not yet successful) writ for garnishment to the judgment balance and thereby misrepresented the amount allegedly owed by Ms. Campbell.

36. LVNV, in the Request and Writ for Garnishment attached hereto as Exhibit D,

added the costs of an unsuccessful (or not yet successful) writ for garnishment to the judgment balance allegedly owed by Ms. Campbell.

37. LVNV, in the Request and Writ for Garnishment attached hereto as Exhibit D, wrongfully added the costs of an unsuccessful (or not yet successful) writ for garnishment to the judgment balance and thereby misrepresented the amount allegedly owed by Ms. Campbell.

38. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

39. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

40. The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false. 15 U.S.C. § 1692e(8).

41. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

42. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

43. Berndt, Ms. Berndt, Mr. Zielinski and LVNV violated the FDCPA, 15 U.S.C. §§

1692e and 1692e(2)(A), (8) and (10), and 1692f(1). *See, e.g., Watkins v. Peterson Enterprises, Inc.,* 57 F.Supp.2d 1102 (E.D.Wash. 1999).

44. The Michigan Collection Practices Act states that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. M.C.L. § 445.252(e).

45. The MCPA states that it is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor. M.C.L. § 445.252(f)(i) and (ii).

46. Berndt, Ms. Berndt, Mr. Zielinski and LVNV violated the MCPA, M.C.L. § 445.252(e), (f)(i) and (f)(ii).

47. The above-described acts and omissions of Berndt, Ms. Berndt, Mr. Zielinski and LVNV were done in connection with efforts to collect alleged debts from Ms. Campbell and members of the putative classes and were done intentionally and wilfully.

48. Berndt, Ms. Berndt, Mr. Zielinski and LVNV intentionally and wilfully violated the FDCPA and MCPA.

**V.    Class Allegations**

49. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this action individually and on behalf of a class or classes of similarly situated persons.

50. Plaintiff proposes two classes.

51. The "Berndt Class" is comprised of persons with FDCPA and/or MCPA claims against Berndt & Associates, P.C., Karol A. Berndt and/or Robert E. Zielinski, and is defined to include: (a) each and every natural person that was a defendant in a lawsuit filed in any Michigan

court; (b) against whom Berndt & Associates, P.C., Karol A. Berndt and/or Robert E. Zielinski on behalf of the plaintiff filed a post-judgment request for writ for garnishment in the lawsuit; (c) representing in the request for writ for garnishment that the person had accrued and owed postjudgment costs in connection with a writ of garnishment; (d) but where no payment or credit was received by the plaintiff as a result of the writ for garnishment because the garnishee was not indebted to the person, did not hold any property subject to garnishment, and was not the person's employer; (e) in an attempt to collect a debt incurred by the person for personal, family or household purposes.

52. The "LVNV Class" is comprised of persons with FDCPA and/or MCPA claims against LVNV Funding LLC and is defined to include: (a) each and every natural person that was a defendant in a lawsuit filed by LVNV Funding LLC as plaintiff in any Michigan court; (b) against whom LVNV Funding LLC filed a post-judgment request for writ for garnishment in the lawsuit; (c) representing in the request for writ for garnishment that the person had accrued and owed postjudgment costs in connection with a writ of garnishment; (d) but where no payment or credit was received by LVNV Funding LLC or its agent as a result of the writ for garnishment because the garnishee was not indebted to the person, did not hold any property subject to garnishment, and was not the person's employer; (e) in an attempt to collect a debt incurred by the person for personal, family or household purposes.

53. The FDCPA claims of Plaintiff and the members of each class are subject to a one-year statute of limitation. Accordingly, only those persons against whom a request for writ for garnishment was filed during that period of time beginning one year prior to the date of filing of this complaint and ending on the date the classes are certified, may assert claims under the

FDCPA.

54. The MCPA claims of Plaintiff and the members of each class are subject to a six-year statute of limitation. Accordingly, only those persons against whom a request for writ for garnishment was filed during that period of time beginning six years prior to the date of filing of this complaint and ending on the date the classes are certified, may assert claims under the MCPA.

55. Upon information and belief, each class consists of more than 1000 persons.

56. The members of each class are so numerous that joinder of all members is impracticable.

57. There are questions of law and fact common to all members of each class, which common questions predominate over any questions that affect only individual class members. The predominate questions are:

    a) Whether Defendants were entitled to tax costs for unsuccessful writs for garnishments.

    b) Whether the requests for writs for garnishment filed by Defendants misrepresented that the class members owed postjudgment costs in connection with unsuccessful writs for garnishment.

    c) Whether the requests for writs for garnishment filed by Defendants misrepresented that the class members owed postjudgment costs in connection with writs for garnishment because no money had yet been collected pursuant to the particular garnishments.

    d) Whether Defendants used false, deceptive, or misleading representation or

        means in connection with the collection of any debt, in violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

    e)    Whether Defendants made false representations regarding the character, amount, or legal status of debts, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

    f)    Whether Defendants communicated credit information which Defendants knew or should have known was false, in violation of the FDCPA, 15 U.S.C. § 1692e(8).

    g)    Whether Defendants used unfair or unconscionable means to collect or attempt to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of the FDCPA, 15 U.S.C. § 1692f(1).

    h)    Whether Defendants violated the MCPA, M.C.L. § 445.252(e), (f)(i) and (f)(ii).

58.    Plaintiff's claims are typical of the claims of all class members. Plaintiff's claims and the claims of all class members are based on the same factual and legal theories.

59.    Plaintiff will fairly and adequately protect and represent the interests of the members of each class. Plaintiff has retained counsel experienced in representing consumers in FDCPA litigation, including class actions brought under the FDCPA. Neither Plaintiff nor counsel have any interests that are adverse or inconsistent with the interests of the members of any class. Neither Plaintiff nor counsel have any interests that would cause them not to vigorously represent the interests of the members of each class and pursue this action.

60. Certification of the proposed classes under Fed.R.Civ.P. 23(b)(3) is appropriate in that:

    a) The questions of law or fact common to the members of the classes predominate over any questions affecting only individual members;

    b) A class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Specifically:

        1) There is no compelling interest in having each class member individually controlling the prosecution of separate actions. Many consumers may not realize that their rights have been violated.

        2) Common relief is sought on behalf of all members of each class. The prosecution of separate actions by individual members of each class would create a risk of inconsistent or varying adjudications with respect to the individual members of each class, and a risk that any adjudications with respect to individual members of each class would, as a practical matter, either be dispositive of the interests of other members of each class not party to the adjudication, or substantially impair or impede their ability to protect their interests;

        3) Plaintiff's counsel have searched PACER and otherwise are unaware of any pending litigation filed on behalf of any putative class member against any defendant concerning this controversy;

        4) It is desirable to concentrate the litigation of the claims in this

forum. Defendants regularly transact business in the Western District of Michigan. Defendants file thousands of debt collection lawsuits each year in Michigan courts located in the Western District of Michigan.

5) The management of the proposed class action will not be unusually difficult. The factual and legal issues raised by this class action complaint will not require extended contact with the members of each class. Defendants' conduct was perpetrated on all members of each class and will be established by common, written proof. Defendants' violations of the law are apparent and can be determined in scope and amount of actual damages, simply by reviewing the requests for writs of garnishment and other documents which the defendant law firm has in its records.

## VI. Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

61. Plaintiff incorporates the foregoing paragraphs by reference.

62. Each defendant has violated the FDCPA. Specifically:

   a) Defendants violated 15 U.S.C. § 1692e; and

   b) Defendants violated 15 U.S.C. § 1692f.

**Wherefore,** Plaintiff, individually and on behalf of all others similarly situated, requests that the Court certify this action as a class action, and seeks:

   a) Actual damages for Plaintiff and each member of each class pursuant to 15

U.S.C. § 1692k;

b)  Statutory damages for Plaintiff and each member of each class pursuant to 15 U.S.C. § 1692k;

c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

d)  Such further relief as the court deems just and proper.

### Count 2 – Michigan Collection Practices Act

63. Plaintiff incorporates the foregoing paragraphs by reference.

64. Each defendant has violated the MCPA. Specifically:

a)  Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and

b)  Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor.

**Wherefore,** Plaintiff, individually and on behalf of all others similarly situated, requests that the Court certify this action as a class action, and seeks:

a)  Actual damages, trebled, for Plaintiff and for each member of each class, pursuant to M.C.L. § 445.257;

b)  Statutory damages, trebled, for Plaintiff and for each member of each class, pursuant to M.C.L. § 445.257;

c)  Injunctive relief, for Plaintiff and for each member of each class, pursuant

      to M.C.L. § 445.257;

d)     Declaratory relief, for Plaintiff and for each member of each class, pursuant to M.C.L. § 445.257;

e)     Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257; and

f)     Such further relief as the court deems just and proper.

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 12, 2014               /s/ Phillip C. Rogers
                                                Phillip C. Rogers (P34356)
                                                Attorney for Plaintiff
                                                40 Pearl Street, N.W., Suite 336
                                                Grand Rapids, Michigan 49503-3026
                                                (616) 776-1176
                                                ConsumerLawyer@aol.com

Dated: January 12, 2014               /s/ Michael O. Nelson
                                                Michael O. Nelson (P23546)
                                                Attorney for Plaintiff
                                                1104 Fuller N.E.
                                                Grand Rapids, Michigan 49503
                                                (616) 559-2665
                                                mike@mnelsonlaw.com