UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN CAMPBELL,
for herself and class members,

        Plaintiffs,

v.                                                                                           CASE NO. 1:14-CV-34

BERNDT & ASSOCIATES, P.C.,                                       HON. ROBERT J. JONKER
KAROL A. BERNDT, ROBERT E.
ZIELINSKI and LVNV FUNDING LLC,

        Defendants.
_____/

**FINAL APPROVAL ORDER AND JUDGMENT**

        This case came before the Court for a fairness hearing of the proposed class action settlement on May 1, 2017, at 2:00 p.m., in Room 699, of the United States District Court for the Western District of Michigan, 110 Michigan Street NW, Grand Rapids. The Court gave all parties and interested persons an opportunity to be heard. Based on the submissions of the parties, the statements of counsel, the fairness of the settlement's terms, and for the reasons stated on the record, **IT IS ORDERED THAT**:

        1.     This Court grants final approval of the Settlement Agreement, including, without limitation, the releases included in it, and finds that the settlement is in all respects fair, reasonable, adequate, and in the best interests of all those affected by it. No timely objections were filed by class members. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

2.  The Court has jurisdiction over Plaintiff, Kathryn Campbell ("Plaintiff"), the members of this Class, Defendants Berndt & Associates, P.C., Karol A. Berndt, Robert E. Zielinski and LVNV Funding LCC ("Defendants"), and the claims asserted in this lawsuit.

3.  This Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiations, and that it was not collusive.

## Class Certification

4.  On December 2, 2016, under Federal Rule of Civil Procedure 23, the Court entered an Order Preliminarily Approving Settlement and Certifying Settlement Class (ECF No. 151) ("the Preliminary Approval Order").

5.  The Preliminary Approval Order certified the following class and sub-class:

> All individual judgment debtors who were subject to a Michigan garnishment that: (1) was initiated between the dates of July 26, 2010, and the Preliminary Approval Date (the "Class Period"); (2) was signed by Berndt & Associates, P.C. or by one of its attorneys; (3) was filed during the class period; and (4) included in the amount of the unsatisfied judgment then due (a) the costs of that garnishment or (b) the costs of a prior, unsuccessful garnishment (that is, a garnishment for which the garnishee did not disclose that it was indebted to the defendant, held any property subject to garnishment, or was the defendant's employer at the time it was served with the garnishment and for which the judgment creditor was not paid any money by the garnishee pursuant to the garnishment as of the effective date of the proposed Agreement in this lawsuit).
>
> There will be a Sub-Class of those Class members against whom Berndt & Associates, P.C. initiated the garnishment proceeding at issue between the dates of January 12, 2013 and the Preliminary Approval Date.
>
> The following persons, assuming that they otherwise meet the Class definition, will be excluded from the settlement class:

      a.    any person who is already subject to an existing general release that covers either of the defendants;

      b.    any person who is deceased as of the date of preliminary certification;

      c.    any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the Class Period; and

      d.    any Class Member who timely mails a request for exclusion.

6.    The Preliminary Approval Order also appointed Plaintiff as the Class Representative and appointed attorneys Phillip C. Rogers and Michael O. Nelson as Class Counsel.

## Class Notice

7.    Plaintiff submitted the affidavit of Bailey Hughes (ECF No. 158-1) to demonstrate that the "Notice of Class Action Lawsuit and Proposed Settlement (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

8.    No class member has filed objections to the settlement.

9.    One class member has opted out of the class.

**Class Compensation**

10.     The Parties agreed in the Settlement Agreement that Defendants shall adjust the judgment balance of each of the approximately 7,779 class members whose files were open and debts then being actively pursued by Defendants (the "open files") as of the date of filing of this lawsuit. Defendants state that the amounts of adjustments for unsuccessful garnishments on open files averages approximately $78.00 per class member, for a total adjustment to the class of approximately $612,288.15. As to any class member with an open file whose adjusted balance is a negative amount, Defendants shall pay each such class member an amount equal to the class member's overpayment. Defendants state that there are approximately 30 class members who have over-paid and that the overpayments total approximately $1,105.06.

The Settlement Agreement provides that there are approximately 718 Class Members whose files are no longer open and actively being litigated by Defendants (the "closed files"), but who paid their debts in full, and will be issued cash refunds in the amount of the unsuccessful garnishments. Defendants estimate the total amount of refunds to be paid to Class Members in this category to be approximately $23,278.52, at an average of $32.42 per file.

The Settlement Agreement also provides that there are approximately 6,500 class members whose files were closed with money owing, but for whom the balances were too small to pursue. Defendants have agreed that they have or will file a satisfaction of judgment for each of these class members, thereby extinguishing the remaining debts as well as providing potential, intangible relief in the form of improved credit scores.

The Settlement Agreement also provides that Defendants shall pay statutory damages in the amount of $30,000.00 to the one-year subclass, to be paid pro-rata, by way of adjustments to open

accounts. As to any class member with an open file whose adjusted balance is a negative amount, Defendants shall pay each such class member an amount equal to the class member's overpayment. Based on the forgoing, the total benefit to the class exceeds $665,566.67.

All distribution checks will expire ninety (90) days after issuance. In the event a distribution check expires or is returned as undeliverable without a forwarding address, such undistributed funds shall result in a *cy pres* distribution to Legal Aid of West Michigan.

Not later than forty-five (45) days after the Finality Date, Defendants shall file with the court a certification by an appropriate officer or employee that the required relief has been accomplished. Defendants shall send to each Class Member for whom it currently represents the judgement creditor in the state court action involving the Class Member, maintains an open file for the Class Member, and can reasonably ascertain an adjusted balance, a letter referencing the state court judgment stating: "Pursuant to the court-approved settlement in Case No. 1:14-cv-34-RJJ in the U.S. District Court for the Western District of Michigan, captioned *Campbell v. Berndt & Associates, P.C., et al.* the current balance due on the judgment in the state court case is $[adjusted balance]." In the event that Defendants have previously communicated the Adjusted Balance to the Class Member, they are relieved of the obligation of sending the aforementioned letter.

### **Incentive Award, Attorneys' Fees, and Costs**

11.     The Court approves and awards statutory damages of $1,000.00, and a $2,500.00 incentive award to Plaintiff, Kathryn Campbell, for serving as class representative in this matter. In accordance with the Settlement Agreement, Defendants will pay that amount within thirty (30) days of the Agreement's Effective Date.

12.     The Court approves and awards attorneys' fees to Class Counsel in the amount of $100,000.00. Defendants will pay those amounts within thirty (30) days of the Agreement's Effective Date.

13.     The Court finds the incentive payment, attorneys' fees, and costs reasonable for reasons recited during the Fairness Hearing.

## **Releases and Dismissal**

14.     All claims or causes of action of any kind by Plaintiff and all Class members against the Defendants shall be forever barred and released under the terms of the releases set forth in the Parties' Settlement Agreement.

15.     This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class and without fees or costs except as provided above.

## **Other Provisions**

16.     The Court expressly adopts and incorporates all the terms of the Settlement Agreement (ECF No. 154) by reference here.

17.     This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, without limitation, their administration, implementation, interpretation, or enforcement.

18.     The Parties to the Settlement Agreement shall carry out their respective obligations under it.

19.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

**IT IS SO ORDERED**.


Dated:     May 2, 2017              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE